UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.42.218.237,<br><br>   Defendant. | Case No. 25-cv-01636-WHO<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE EARLY SUBPOENA**<br><br>Re: Dkt. No. 8 |

Plaintiff Strike 3 Holdings, LLC, has applied *ex parte* for leave to serve a Rule 45 subpoena on the anonymous Doe defendant's internet service provider ("ISP") to receive only the name and address associated with the known IP address allegedly infringing its copyright.

The standards for granting leave for these motions have become well-established in this District and others. I find that, based on the plaintiff's sworn submissions, there is good cause to permit the narrow subpoena to issue. *See* Fed. R. Civ. P. 45; *see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 17-CV-07051-LB, 2018 WL 357287, at *2–*3 (N.D. Cal. Jan. 10, 2018) (collecting authorities and standards). The plaintiff has made a sufficient preliminary showing that it is the copyright holder of the works in question, at least one work is being infringed by the Doe defendant,[1] this Court has personal jurisdiction over the defendant based on geolocation of the IP address, a subpoena for this information is reasonably likely to reveal identifying information that will facilitate service of process, there is a sufficient likelihood that the sought information will be

---

[1] Although the complaint alleges that the Doe defendant "has been recorded infringing 69 movies over an extended period of time," the declarations are inconsistent as to how many files have allegedly been infringed. *See* Declaration of Patrick Paige [Dkt. No. 8-1] at 22 (noting that Doe defendant "engaged in *a* transaction that included the transmission of *a* piece or pieces of *a* file" (emphasis added)); Declaration of Susan B. Stalzer [Dkt. No. 8-1] at 25 (referring to "digital media files" and "each infringing file"). Even so, at least a single transaction has been sufficiently alleged to be infringing.

deleted absent preservation by subpoena, there is no other reasonable way to uncover the defendant's identity (in part because the plaintiff has exhausted other avenues), and the request is narrowly tailored. *See Strike 3*, 2018 WL 357287, at *2–*3; *Io Grp., Inc. v. Does 1-65, individuals*, No. 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010).

Leave is granted for an early subpoena under Rule 45 according to the terms set out below, which vary from the plaintiff's proposed terms to better protect the defendant's rights and privacy. I also issue the protective order that follows. *See* Fed. R. Civ. P. 26(c).

It is **ORDERED** that:

1. Strike 3 Holdings, LLC, may immediately serve a Rule 45 subpoena on Comcast Cable to obtain **only** the defendant's true name and address associated with the IP address identified in the application.

2. A copy of this Order shall be attached to the subpoena.

3. The ISP shall have 15 days from the date it is served to serve (by any reasonable means, including certified mail to a last known address) the defendant with a copy of a subpoena and a copy of this Order.

4. The defendant shall have 30 days from the day he or she is served by the ISP to contest the subpoena in this Court (by a motion to quash or modify, as appropriate). The defendant may move to proceed pseudonymously according to the same standard as any party may. *See, e.g.*, *Pac. Century Int'l Ltd. v. Does*, No. C-11-02533 DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011).

5. If the defendant does not contest the subpoena in this Court within the stated time period, the ISP shall produce the responsive information in compliance with the subpoena to the plaintiff within 10 days of the end of the defendant's time to move the Court.

6. The ISP shall preserve the information identified in the subpoena until it produces it or until I rule on a motion contesting the subpoena.

The following **PROTECTIVE ORDER** shall apply to the information subpoenaed. The plaintiff shall use the information subpoenaed solely for purposes of prosecuting this action and protecting the alleged rights identified in its complaint. The plaintiff shall not disclose the name

1 or address of the defendant to any third party without leave of Court.  If the plaintiff files any
2 document in this action that includes the information subpoenaed or otherwise identifies the
3 defendant, all identifying information shall be redacted in a public version of the document and
4 filed unredacted under seal pursuant to the Local Rules.  No administrative motion to seal this
5 information need be filed until I rule on whether the defendant's identity can remain confidential.
6 Once the defendant is identified, he or she may move for any appropriate protective order or the
7 parties may file a stipulated request for a protective order.  The defendant may move to proceed
8 pseudonymously as any party can.  This protective order shall remain in place until dissolved by
9 the Court.

**IT IS SO ORDERED.**

Dated: March 3, 2025

William H. Orrick
United States District Judge